UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

       Plaintiff,

       v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

       Defendants.

_____/

No. C 09-0401 PJH

**ORDER TO SHOW CAUSE**

TO PLAINTIFF JOHN BROSNAN: YOU ARE HEREBY ORDERED TO APPEAR on Wednesday, May 20, 2009, at 9:00 a.m., in Courtroom 5 of the Federal Building, 450 Golden Gate, San Francisco, California, to show cause why this action should not be dismissed for failure to comply with court orders, and for lack of standing.

       Pro se plaintiff John Brosnan ("Brosnan") filed this action on January 28, 2009, against defendants Mortgage Electronic Registration Systems, Inc.; American Home Mortgage Servicing, Inc.; Default Services, Inc.; American Brokers Conduit; and American Home Mortgage, asserting claims under state and federal law. In the complaint, Brosnan alleges that he is a Nevada resident, who is "involved in the real estate industry;" that Cheryl Montero is the "owner of record of real property" located at 3279 Mt. Diablo Court #32, Lafayette, California ("the property"); that Ms. Montero "has a real estate loan secured by" the property; that the property is "in foreclosure;" and that on January 1, 2009, Ms. Montero assigned to plaintiff "her rights to her causes of action which exist regarding defendants." Cplt ¶¶ 3, 11, 12, 21.

Also on January 28, 2009, Brosnan filed a notice of lis pendens, and an application for a temporary restraining order ("TRO"), seeking to prevent American Home Mortgage, or American Home Mortgage Servicing, Inc., Default Services, Inc., from conducting a foreclosure sale of the property.  At the time that Brosnan filed the TRO application, court staff verbally advised him that a hearing on the application could not be set until he either had filed a proof of service of the summons and complaint on defendants, or had filed a declaration in accordance with the Federal Rules of Civil Procedure, establishing cause for issuance of a TRO without notice to the adverse parties.

On March 2, 2009, the court denied the application for the TRO for failure to comply with Federal Rule of Civil Procedure 65 and the Civil Local Rules of this court.  The court noted that as of March 2, 2009, Brosnan had filed no proof of service of the summons and complaint on any defendant; nor any affidavit or verified complaint setting forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" nor a written certification of the "efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  The court found the application for the TRO to be further deficient because it was not accompanied by a proposed order in the form set forth in Civil Local Rule 65-1(c).

At the time that Brosnan filed the complaint, he received a copy of the court's Order Setting Initial Case Management Conference and ADR Deadlines.  The order stated that the initial case management conference ("CMC") would be held on May 7, 2009, at 2:30 p.m., and that the case management conference statement was required to be filed no later than April 30, 2009.  On May 4, 2009, the clerk issued a notice advancing the time of the May 7, 2009 CMC from 2:30 p.m. to 1:00 p.m.

From the date that Brosnan filed the action (January 28, 2009) until May 6, 2009, the court received no communication from him.  He filed no proof of service of the summons and complaint on any defendant, and he filed no case management conference statement. On May 6, 2009, at approximately 4:15 p.m., Brosnan e-filed a request to continue the date

of the May 7, 2009 CMC, and also sought permission to appear telephonically.[1] The request was made too late for the court to issue an order continuing the hearing. Moreover, the undersigned judge does not permit telephonic appearances at CMCs.

Brosnan's reason for seeking the continuance was that Ms. Montero has been "in the hospital for quite some time subsequent to suffering a brain aneurysm." Brosnan asserted that Ms. Montero "handled the service of papers on the defendants in this action," and that "due to her medical condition," he was "unable to get any information from her." He also stated that it was his understanding that Ms. Montero's daughter "is in the process of gaining conservatorship over her mother." He then added, "As such I will need to reserve the defendants."

On May 7, 2009, at 12:30 p.m., half an hour before the time scheduled for the CMC, Brosnan e-filed a case management conference statement, stating that Ms. Montero "has was [sic] handling the service of the complaint on defendants," that she "suffered a brain aneurysm and has been in the hospital," that he "is informed that it will be several months before she will be well," and that he "has undertaken to get defendants served." Brosnan did not appear at the May 7, 2009, CMC.

As a non-attorney,[2] Brosnan is not permitted to represent other parties in lawsuits filed in this court. See Civil Local Rule 3-9(a). Thus, he may not proceed on behalf of Ms. Montero if she is the actual plaintiff. As noted above, Brosnan represented in the complaint that Ms. Montero had "assigned" him "her rights to her causes of action which exist regarding defendants." If indeed there has been a valid assignment, and Brosnan has the

---

[1] The court also notes it is the practice in this judicial district to require pro se plaintiffs to seek and obtain leave of court before they can register as ECF users. However, the fact that Brosnan previously obtained permission from one judge of this court to participate in ECF does not obviate the need for him to obtain the permission of the undersigned to so proceed in this case. The undersigned judge requires that any pro se plaintiff who seeks to participate in ECF must first make the request, stating good cause, whereupon the undersigned generally directs the filing of a declaration stating that the applicant has read the rules of this court and agrees to abide by those rules.

[2] According to the website of the State Bar of California, Brosnan is not an attorney admitted to practice in the State of California. Nor is he a member of the Bar of this court.

requisite interest and injury to serve as the plaintiff, then he is responsible for ensuring that the summons and complaint are served in accordance with Federal Rule of Civil Procedure 4. The fact of Ms. Montero's illness is irrelevant to Brosnan's obligations as a plaintiff in this action.

Accordingly, Brosnan shall appear on May 20, 2009 to show cause why this action should not be dismissed for failure to comply with the orders of the court. In addition, Brosnan shall be prepared to establish that he has standing to proceed as a plaintiff in this action. Failure to comply with this order will result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: May 8, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge