UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

      Plaintiff,

      v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, et al.,

      Defendants.
_____/

No. C 09-0401 PJH

**ORDER**

Before the court is the motion of pro se plaintiff John Brosnan ("Brosnan") for an order vacating the judgment entered in the above-entitled action on June 2, 2009.

Brosnan filed this action on January 28, 2009, against defendants Mortgage Electronic Registration Systems, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Servicing, Inc. Default Services, Inc.; American Brokers Conduit; and American Home Mortgage, asserting claims under state and federal law.

In the complaint, Brosnan alleges that Cheryl Montero is the owner of real property located at 3279 Mt. Diablo Court, #32, Lafayette, California ("the property"). Brosnan asserts that the property is "in foreclosure," and that Ms. Montero assigned him "her rights to her causes of action which exist regarding defendants." See Complaint ¶ 12, 21.

Also on January 28, 2009, Brosnan filed an application for a temporary restraining order ("TRO"), seeking to prevent American Home Mortgage, or American Home Mortgage Servicing, Inc. Default Services, Inc. from conducting a foreclosure sale of the property. At the time that Brosnan filed the TRO application, court staff verbally advised him that a hearing on the application could not be set until he had either filed a proof of service of the

summons and complaint on defendants, or filed a declaration in accordance with the Federal Rules of Civil Procedure, establishing cause for issuance of a TRO without notice to the advance parties.

On March 2, 2009, Brosnan having filed neither a proof of service or a declaration, the court denied the TRO for failure to comply with Federal Rule of Civil Procedure 65 and the Civil Local Rules of this court.

During the short period of time that this case has been pending, Brosnan has followed a pattern of ignoring the Federal Rules of Civil Procedure and the Civil Local Rules of the court, as well as this court's own orders.  At the time that Brosnan filed the complaint, he received a copy of the court's Order Setting Initial Case Management Conference and ADR Deadlines.  The order stated that the initial case management conference would be held on May 7, 2009, at 2:30 p.m., and that the case management conference statement was required to be filed no later than April 30, 2009.  Brosnan did not file a case management conference statement as ordered.

On May 4, 2009, the clerk issued a notice advancing the time of the May 7, 2009 case management conference from 2:30 p.m. to 1:00 p.m.  On May 6, 2009, at approximately 4:15 p.m., Brosnan e-filed a request to continue the case management conference, and also sought permission to appear telephonically.

In this request, Brosnan stated that Ms. Montero, "the property owner, which is at the heart of this action, is currently in the Stanford Medical Center ICU.  She's been in the hospital for quite some time subsequent to suffering a brain aneurysm."  He added that Ms. Montero "handled the service of papers on the defendants in this action and due to her medical situation I'm unable to get any information from her.  It's my understanding that her daughter . . . is in the process of gaining conservatorship over her mother.  As such I will need to reserve the defendants."

The request was made too late for the court to issue an order continuing the hearing.  Moreover, the undersigned judge does not permit telephonic appearances at initial case management conferences.

On May 7, 2009, half an hour before the time scheduled for the case management conference, Brosnan e-filed a case management conference statement, stating that Ms. Montero "has was [sic] handling the service of the complaint on defendants," that she had "suffered a brain aneurysm and has been in the hospital," and that he "has undertaken to get defendants served." Brosnan did not appear at the May 7, 2009 case management conference.

On May 8, 2009, the court issued an order to show cause why the case should not be dismissed for failure to comply with court orders, and for lack of standing. The order recited the facts stated above, noting that Brosnan had failed to file a case management conference statement and had also failed to appear at the case management conference as ordered.

In addition, the court noted that based on Brosnan's representation that Ms. Montero had "assigned" him her "rights to her causes of action which exist regarding defendants," Brosnan was responsible for insuring that the summons and complaint were served in accordance with Federal Rule of Civil Procedure 4 (if indeed there had been a valid assignment). The court emphasized that the fact of Ms. Montero's illness was irrelevant to Brosnan's obligations as a plaintiff in this action, and directed him to establish that he had standing to proceed as a plaintiff.

Brosnan appeared as ordered on May 20, 2009. He produced a piece of paper which he claimed established that Ms. Montero had "assigned" her causes of action to him. He also stated that he had been unaware that the court had changed the time of the case management conference because he had not checked his e-mail (notwithstanding his obligation as a registered e-filer to check his e-mail regularly for notices from the court), and that he had in fact been physically present in the Federal Building at the time originally set.

While the court found Brosnan's claim that he was unaware of the change in the time of the case management conference to be a bit incredible, given that he had e-filed two documents on two different occasions <u>after</u> the notice regarding the change in the time

had been posted by the clerk, the court nevertheless discharged the order to show cause. In addition, however, the court ordered Brosnan to effectuate service on defendants no later than May 29, 2009, and to file a proof of service showing service of the summons and complaint on all defendants. On June 2, 2009, Brosnan having failed to file the required proof of service, the court dismissed the case and entered a judgment of dismissal.

On June 4, 2009, Brosnan e-filed a letter stating that records of the California Secretary of State show that defendant Mortgage Electronic Registration Systems ("MERS") has since November 2004 been a suspended corporation, and that it is currently without an agent for service of process in California. He requests the court to "vacate" the dismissal to permit him to serve the California Secretary of State with the complaint on behalf of MERS. He does not mention any of the remaining four defendants.

The court interprets this request as a motion to vacate the judgment of dismissal, pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides, in relevant part,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Brosnan has not provided any good cause for relief from the judgment. He makes no showing of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any of the other grounds specified in Rule 60.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120

4

days after the complaint is filed, the court <u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Emphasis added). The complaint in the present action was filed on January 28, 2009. Thus, all defendants were required to be served by May 28, 2009, and the court in fact ordered that service be completed by May 29, 2009.

Any person appearing pro se in this court "is bound by the Federal Rules, as well as by all applicable local rules." Civ. L.R. 309(a). Brosnan, who has extensive prior experience with filing lawsuits in this district, admittedly failed to comply with Rule 4(m) and with the order of the court. Accordingly the court dismissed the complaint and entered judgment. The request to vacate the dismissal is DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge